State vs. Dallas.

No. 1076.

THE STATE OF LOUISIANA VS. JOE DALLAS.

In cases not capital, the trial court may in its discretion allow the jury to separate before the submission of the cause.

But in such cases, as well as in capital cases, the proceedings will be vitiated if a deputy sheriff, having charge of the jury, makes in their hearing statements of a damaging character to the accused, and if in answer to a question of a juror, he informs him that the accused had been previously sentenced to the penitentiary for the commission of a heinous offense.

APPEAL from the Second District Court, Parish of Webster. *Drew, J.*

*J. C. Egan,* Attorney General, for the State, Appellee.

*J. D. & J. T. Watkins* for Defendant and Appellant.

----

The opinion of the Court was delivered by

POCHÉ, J. The accused appeals from a conviction of larceny, and his bill of exceptions, taken to the ruling of the Judge on his motion for a new trial, shows the following facts which occurred in the jury room:

In a conversation between two deputy sheriffs who had charge of the jury, and who were then serving a meal to them, one of the deputies, speaking of the accused, stated within the hearing of the jury that the penitentiary would be no new thing to him, as he had been there once before.

Later on, during the deliberations of the jury, the deputy sheriff who had made this statement was asked by one of the jurors, if it was true that the accused had been sent to the penitentiary, and for what offense; to which questions the deputy answered that he had heard that Dallas had been sentenced to the penitentiary for having participated in a bloody riot which had occurred some years before in Bossier Parish, and that he had been pardoned by Governor Warmoth.

This occurrence was manifestly sufficient to invalidate the verdict of the jury and should have entitled the accused to a new trial.

It is true that the charge was not for a capital offense, and that previous to the submission of the cause the Judge had the authority to allow the jury to separate, as he did, but the conversation indulged in, and the statements made by the deputy sheriff within the hearing of the jury, were calculated to unjustly prejudice them against the accused, and conveyed information which it was not legal to impart to them, even during the trial, contradictorily with the accused.

The conduct of the deputy sheriff is in the highest degree unbecoming and reprehensible, and places him in the attitude of an officer who deliberately impedes the administration of justice, which it was his bounden duty to promote, and wilfully clogs the execution of the laws which he has sworn to support.

The juror who further questioned the deputy as to the previous conviction of Dallas committed an act of misconduct which vitiated the whole proceedings, and contributes to support the conclusion that the accused has not had a fair and impartial trial.

A sheriff or any of his deputies, having charge of a jury in a criminal cause, has the right of speaking to the jurors for the purpose of inquiring into and ascertaining their wants, or of conveying necessary messages

from them. Such conversations, when not referring to the case or to the accused on trial, will not vitiate the proceedings. State vs. Summers, 4 An. 27; State vs. Vines, 34 An. 1073.

But this rule cannot be extended so as to justify a conversation about the accused who is on trial, or to tolerate unwarranted statements of facts and incidents in the past life of the accused, calculated to prejudice his case in the minds of the jurors who are to pronounce a verdict affecting his liberty.

This ground of complaint is sufficient to entitle the defendant to relief, and obviates the necessity of passing upon numerous other errors charged by him.

The verdict of the jury and the sentence of the court in this case are therefore annulled, reversed and set aside, and the cause is remanded to the lower court for a new trial of the accused according to law.