## CHARLTON et al. v. KELLY.

### (Circuit Court of Appeals, Ninth Circuit. October 22, 1907.)

### No. 1,445.

1. MINES AND MINERALS—MINING CLAIMS—MARKING OF BOUNDARIES.

Under Rev. St. § 2324 [U. S. Comp. St. 1901, p. 1426], which requires that a mining location "must be distinctly marked on the ground so that its boundaries can be readily traced," no particular method of marking is required, and what is sufficient may depend on the topography of the ground; it being a question of fact in each case whether the lines are so marked that they can be readily traced by a person making a reasonable effort to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mines and Minerals, §§ 40–44.]

2. SAME—DISCOVERY OF MINERAL.

An instruction that, to constitute a discovery of gold sufficient to support a location of a gold placer mining claim as against an adverse mineral locator, the gold found must be of such character and quantity and found under such circumstances as to justify a man of ordinary prudence in the expenditure of time and money in the development of the property, is not erroneous; the word "development," as so used, being the equivalent of "exploration."

[Ed. Note.—Sufficiency of discovery of mineral characteristics to support mining location, see note to Lange v. Robinson, 79 C. C. A. 6.]

3. SAME—ACTION TO RECOVER CLAIM—INSTRUCTIONS.

Instructions given in an action to recover possession of a mining claim, relating to the questions of discovery of mineral and possession, considered, and *held* not erroneous as applied to the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mines and Minerals, § 109.]

4. TRIAL—INSTRUCTING JURY—DISCRETION OF COURT.

A court has a wide discretion in the matter of charging the jury, and may bring the jury in at any time and give them additional instructions, whether requested or not; and where they ask for additional instructions on a particular question it is not error for the court also to further instruct them on other issues.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 744, 746.]

5. WITNESSES—IMPEACHMENT—USE OF DEPOSITION TAKEN IN ANOTHER CAUSE.

Statements made by a witness in a deposition taken in another action, contradictory of his testimony given in the cause on trial, may be read in such cause for the purpose of impeachment, regardless of their relevancy to the issues on trial; and in such case the party introducing them is not required to read the entire deposition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 1255.

6. NEW TRIAL—GROUNDS—MISCONDUCT OF OFFICER AFFECTING JURY.

If an officer of the court, whether he has charge of the jury or not, makes to the jury during their deliberations statements calculated to influence their verdict, it is ground for a new trial; but if, under all the circumstances, it does not appear that the conduct of the officer had the effect of influencing the verdict, a new trial will not be granted on that ground.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 100.]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska.

The plaintiffs in error brought ejectment to recover possession of a certain mining claim in the Fairbanks recording district, Alaska, known as "Upper No. 6 Below Discovery," in the second tier of bench claims on the right limit of Dome creek, alleging a location made on August 11, 1904, on a discovery of gold made on the day previous; the location having been completed by the recording of two location notices, one on September 29, 1904, and an amended location certificate on May 31, 1906. The defendant in error claimed under a location made on June 26, 1905, of a claim known as "No. 6 Below Discovery," third tier of benches, the lower half of which claim overlaps the location of the plaintiffs in error. It was claimed by the plaintiffs in error that up to the time of the location of the Kelly claim they had been in the actual possession of their claim through one Kelsey, their agent, who was obliged to leave the claim on June 26, 1905, the day of the Kelly location, in order to obtain provisions, and was detained in Fairbanks as a member of a jury until the following September, when he returned to the claim. The evidence was that the ground on which these claims were located was covered with a heavy growth of moss, from one to three or four feet thick, and with timber and brush. It was contended by the defendant in error that the plaintiffs in error never did make a valid location of their claim, for the reasons, first, that no discovery of mineral was made thereon, sufficient to comply with the statute; and, second, that the boundaries of the claim were not marked so that they could be readily traced on the ground, and that no proper certificate of location was recorded before the rights of the defendant in error vested. After the case had been submitted to the jury, and they had been in deliberation about 20 hours, they notified the bailiff in charge that they could not come to an agreement and requested him to notify the judge. The bailiff communicated this request to the marshal. The marshal went to the jury room and spoke to the jury of their inability to agree, and suggested that they get further instructions from the judge. There is evidence from affidavits of the jurors that the marshal remarked to the jury that the case was an important one, that it was on trial for a second time, and that they ought to be able to agree. The jury at that time stood evenly divided. They were thereafter brought into court and further instructed, and again retired and agreed upon a verdict for the defendant in error. The remarks of the marshal to the jury were set forth in affidavits and were presented to the court on a motion for a new trial. The motion was overruled, and judgment entered for the defendant in error.

West & De Journel, Jeremiah Cousby, Heilig & Tozier, and T. C. West, for plaintiffs in error.

McGinn & Sullivan, J. C. Campbell, W. H. Metson, Frank C. Drew, C. F. Oatman, and J. R. Mackenzie, for defendant in error.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

GILBERT, Circuit Judge (after stating the facts as above). Error is assigned to the instruction of the court to the jury on the subject of the marking of the plaintiff in error's claim. It is said that the substance of the instruction was that it is necessary that a mining claim be marked upon the ground by stakes or other permanent monuments; whereas, the law is that the statute is sufficiently complied with if there is such marking on the ground by stakes, monuments, mounds, and written notices, or otherwise, that the boundaries of the location can be readily traced. The instruction of the court upon this branch of the case was that it depended somewhat upon the conformation of the ground and the surrounding conditions whether the boundaries were so marked as to comply with the law, and said:

"You are instructed that a claim may be marked upon the ground by stakes or other permanent monuments, but you are instructed that the law requires

a claim to be so distinctly marked upon the ground that its boundaries can be readily traced. The requirements of the statute in this respect are not necessarily fulfilled by merely setting stakes at each of the corners of the claim and at the center of the end lines, unless the topography of the ground and the surrounding conditions are such that a person accustomed to tracing lines of mining claims can, after reading a description of the claim in the posted or recorded notice of location or upon the stakes, by a reasonable and bona fide effort to do so, find all of the stakes and thereby readily trace the boundaries. Where the country is broken, or the view from one stake or monument to another is obstructed by intervening timber or brush, it may be necessary to blaze trees along the line, or cut away the brush, or set more stakes at such distances that they may be seen from one to the other, in a way to indicate the lines so that the boundaries can be readily traced. But it is not for the court to say what is a sufficient marking of the boundaries. It is your duty to determine, from all the evidence in the case and from the topography of the ground in question, whether or not a sufficient marking of the boundaries of the claim by the plaintiffs was made so that the same could be readily traced by a person making a reasonable effort to do so. If you find from the evidence in this case that this location was so definitely marked on the ground by the plaintiffs or their agents that its boundaries could be readily traced, then I instruct you that the plaintiffs have complied with this requirement of the law. If not, then I instruct you that they have failed in one of the essentials of a valid placer mining location, and that your verdict must be for the defendant."

We find no error in this instruction. The statute requires that the location must be marked on the ground so that its boundaries can be readily traced. It does not prescribe or define the nature of the marks or the position of the same on the ground. It is universally held that any marking on the ground whereby the boundaries of the claim may be readily traced is sufficient. The instruction so given by the court below recognized this rule. It did not confine the jury to the consideration of stakes or other permanent monuments on the ground, and it left to the jury the decision of the question whether, from the evidence in the case and the topography of the ground, a sufficient marking of the boundaries of the claim had been made by the plaintiffs in error so that the same could be readily traced by a person making a reasonable effort to do so. North Noonday Mining Co. v. Orient Mining Co. (C. C.) 1 Fed. 522; 6 Sawy. 299; Book v. Justice Min. Co. (C. C.) 58 Fed. 106, 113, and cases there cited.

It is contended that the court gave erroneous instruction on the subject of the discovery necessary to the location of a placer claim. The general objection is made that the charge was argumentative, comprising the recital of opinions of text-writers and misleading extracts from decided cases. The charge upon this branch of the case was comprehensive and exhaustive. It contained the recital of the language of decisions of the Supreme Court of the United States and of the state of California, none of which, so far as we can discover, was inappropriate to the case. But it is said that the portion of the charge relating to the insufficiency of mere indications of mineral to constitute a discovery was erroneous and misleading. Upon that subject the court said that slight surface indications did not constitute a discovery, and quoted the language of the Supreme Court of California in Miller v. Chrisman, 140 Cal. 449, 73 Pac. 1084, in which it was said:

"To constitute a discovery, the law requires something more than conjecture, hope, or even indications."

The court further said:

"If you shall find and believe from the evidence in this case that Klonos, Kelsey, and Schmidt found the colors and the particles of gold so testified to, by them in the draw or small water course on the surface of the ground in dispute, then you should determine whether or not such finding was of sufficient character and found in such places, and under such conditions as to constitute such a discovery of mineral as will satisfy the law. You are instructed that mere indications, however strong, are not sufficient to answer the requirements of the statute."

The court proceeded to say that the statute should, as between conflicting claimants to mineral lands, receive a broad ar.] liberal construction, so as to protect bona fide locators who had really made a discovery of mineral. We find nothing in these instructions as to the law relating to discovery that is not in harmony with the decisions of the Supreme Court of the United States or with the decision of this court in Lange v. Robinson, 148 Fed. 799, 79 C. C. A. 1, which is relied upon by the plaintiffs in error. In that case we said:

"The question must be decided, not only with reference to the gold actually found within the limits of the claim located, but also in view of its situation with reference to other lands known to contain valuable deposits of placer gold, and whether its rock and soil formations are such as are usually found where these deposits exist in paying quantities."

And we held that, to constitute a discovery sufficient to support the location of a gold placer claim as against another mineral claimant, it is not necessary that gold must have been found thereon in paying quantities, but that there must have been such a discovery of gold as to give reasonable evidence that the ground is valuable for placer mining, taking into consideration its character, location and surroundings.

The principal objection made to the charge on this branch of the case is that the court instructed the jury that the mineral discovered must, in order to constitute a discovery, be of such quantity and character and found under such circumstances as to justify a man of ordinary prudence in the expenditure of his time and money in the development of the property. It is argued that a discovery sufficient to justify the expenditure of time and money in the development of a mining claim must necessarily be greater than that which is necessary to justify the expenditure of money for the purpose of exploration, with the reasonable expectation that, when developed, the claim will be found valuable as a placer mining claim. Counsel for the plaintiffs in error have assumed for the word "development" a broader meaning than was intended in the charge. The court did not mean that, in order to comply with the law, there must be such a discovery as to justify the expenditure of time and money upon a claim to the extent of opening up the whole thereof and acquiring an exhaustive knowledge concerning its resources. The word as it was used by the court, and as in connection with the whole charge it must have been understood by the jury, was equivalent to the word "exploration," and was used in the sense in which it was employed in Chrisman v. Miller, 197 U. S. 313, 323, 25 Sup. Ct. 468, 470, 49 L. Ed. 770, in which the court thus quoted with approval the language of Mr. Justice Field in a prior case:

"The mere indication or presence of gold or silver is not sufficient to establish the existence of a lode. The mineral must exist in such quantities as to

justify the expenditure of money for the development of the mine and the extraction of the mineral."

Error is assigned to the instruction on the subject of possession. The court instructed the jury that they should view the matter of the absence of a prior occupant and the character of his actual occupancy and possession with care and caution. This it is said is erroneous, because it is an invasion of the province of the jury, prohibited by section 673 of the Alaskan Code. In answer to this it is sufficient to say that the instruction but expressed a rule of law, not a comment on the testimony in the particular case, nor an expression of opinion as to the credibility of witnesses or the weight of the evidence. It is contended that the charge was erroneous, also, in that the court instructed the jury that if they should find from the evidence that the plaintiffs in error were not in the actual possession of the premises in good faith, and had not temporarily left the same in good faith, but were merely holding the same for speculative purposes and without any discovery of mineral thereon, their verdict should be against the plaintiffs in error on that question. There was evidence in the case from which the jury might have drawn the inference that the claim had been staked by the plaintiffs in error without appropriate discovery and for merely speculative purposes. In view of that evidence, there was no error in the charge as given.

The further point is made that the instruction was erroneous, in that it charged the jury that the affirmative matter in the defendant's answer was not denied by the reply. This objection is too trivial to require extended comment. The complaint had alleged that the defendants wrongfully entered upon the property in dispute on or about July 1, 1905, and from that date had wrongfully withheld the same from the plaintiffs in error. The answer alleged that the defendants in the action had the actual possession of the property from and after July 1, 1905. After alleging that the defendant in error was in the actual possession, the plaintiffs in error could not, in their reply, deny the affirmative answer alleging the same fact, nor can the language of their reply be so construed.

Upon the request of the jury for further instructions in answer to their question whether the placing of tools and cooking utensils on a mining claim constitute possession, when the owner is away after supplies and provisions, the court said:

"Merely placing a tent and a few tools and a small supply of provisions upon a placer mining claim do not alone and of themselves constitute actual possession."

It is contended that this was error, for the reason that the court did not thereby fully answer the jury's question. But, upon the question of the relation which the absence of the owner from the claim while seeking supplies or provisions bears to the question of his possession, the court in the original charge had instructed the jury that where a prospector has in good faith temporarily gone away from his claim for the purpose of purchasing provisions or supplies, or for any other temporary purpose, intending to return and resume his actual occupation, possession, and labors, such temporary absence is not to be construed

to be an abandonment of his rights to the ground, and that one entering the ground during such temporary absence could not initiate any right thereto. But it is said that the court proceeded to give instructions not requested by the jury, and that this was error. There can be no question that the court may exercise a wide discretion in the matter of charging the jury, and may bring the jury in at any time and give them additional instructions whether requested or not. Allis v. United States, 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91; Nichols v. Munsel et ux., 115 Mass. 567.

It is contended that the court erred in admitting in evidence a portion of a deposition of one of the plaintiffs in error, taken in another cause, in regard to discovery of gold upon the surface of claim No. 4 Below Discovery. It is said that the admission of this deposition was erroneous, for the reason that it was a deposition taken in another cause, and therefore not admissible in the case on trial. This objection leaves out of view the purpose for which the deposition was offered and admitted in evidence. It was not offered to prove any of the substantive issues of the case, but to impeach the testimony of the witness by showing that at another time and place he had made statements under oath inconsistent with those made upon the witness stand in the case on trial. For the purpose of impeachment a deposition is to be regarded as any other statement or declaration of the witness, and it is not necessary that the whole of the deposition be read, or any greater portion thereof than that which directly relates to the proposed impeachment.

It is urged that the communication made by the marshal to the jury while they were deliberating upon their verdict was such fatal irregularity as to require the reversal of the judgment. The facts on which this contention is based were presented to the court below by affidavits upon the motion for a new trial. Ordinarily the granting or withholding a new trial rests in the sound discretion of the trial court, and the ruling on such a motion is not assignable as error. In the present case there was clearly no abuse of discretion. If an officer of the court, whether he has charge of the jury or not, makes to the jury during their deliberations statements calculated to influence their verdict, it is ground for a new trial. Clyde Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917; State v. La Grange, 99 Iowa, 10, 68 N. W. 557; State v. Dallas, 35 La. Ann. 899; Barnett v. Eaton, 62 Miss. 768. But if, under all the circumstances, it does not appear that the conduct of the officer had the effect of influencing the verdict, a new trial will not be ordered upon that ground. United States v. Reid et al., 12 How. 361, 13 L. Ed. 1023; Leach v. Wilbur, 9 Allen (Mass.) 212; State v. Wart, 51 Iowa, 587, 2 N. W. 405; Nelling v. Industrial Mfg. Co., 78 Ga. 260. The affidavits concerning the nature of the remarks of the marshal to the jury are to some extent contradictory. Conceding the facts to have been as presented most strongly for the plaintiffs in error, they are that the marshal said:

"What is the matter with you that you can't agree in this case? This is a very important case, and this is the second time it has been tried. You ought to be able to come to some agreement some way. You had better call up the judge and get some more instructions."

There is nothing in the affidavits to show that any of the jurors was influenced by these remarks, and there is nothing in the language shown calculated to influence the jury for one or the other of the parties. While such remarks by an officer of the court to a jury are prohibited by law, and should be discountenanced, they are not necessarily ground for a new trial, and they are certainly not ground for the reversal of a judgment in an appellate court after the trial court has passed upon their force and effect on a motion for a new trial.

There are other assignments of error in the record, but in none of them do we find error for which the judgment should be reversed.

The judgment is affirmed.