### ANVIL HYDRAULIC CO. v. SCANDIA MINING SYNDICATE.

(Second Division. Nome. February 5, 1912.)

No. 1995.

1. MINES AND MINERALS (§ 20*)—LOCATION—MARKING BOUNDARIES.
    Where the locator of a placer mine set an upper and a lower center stake, upon one of which he placed a written location notice describing the claim by metes and bounds and tying it to No. 4 creek claim, a well-known claim, and where both stakes could be seen from almost any portion of claim, which is comparatively level, *held* a sufficient marking of the boundaries.

    [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 40–44; Dec. Dig. § 20.*]

2. MINES AND MINERALS (§ 17*)—LOCATION—DISCOVERY.
    It is well settled that the locator need not be the discoverer of mineral, so long as a discovery has been made and the locator was relying on such discovery and adopted it in his location. Where another person made the discovery just prior to the location and allowed the location to be based upon his work, it is sufficient.

    [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 24–28; Dec. Dig. § 17.*]

Plaintiff brings this suit in support of its adverse filed in the local land office in opposition to the application for patent filed by defendant, being mineral survey No. 784. The suit is one to quiet title, plaintiff claiming to be in possession, and was tried to the court sitting as a chancellor.

Plaintiff claims to be the owner of the ground in controversy by virtue of a valid location alleged to have been made by one G. H. Lewis on the 3d day of September, 1899, together with several subsequent locations covering the same ground which have been acquired by plaintiff, and prays to have its title quieted and that it be adjudged that the defendant has no title to the ground in controversy, or any part thereof;

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

that it is the owner of and lawfully in and entitled to the possession of the ground in controversy, and for general relief.

To this complaint the defendant, Scandia Mining Syndicate, filed an answer denying all of the allegations in paragraphs 3, 4, 5, 6, 7, 13, and 14 of the complaint, and especially denies certain allegations contained in the complaint, and then sets up, as a further and affirmative defense, that the defendant is the owner, in possession, and entitled to the possession of the ground in controversy by reason of a valid location alleged to have been made on the 18th day of July, 1899, by one C. W. Thomas, a citizen of the United States, and by mesne conveyances from said Thomas to said defendant. Defendant claims to be seised of an estate in fee, subject to the paramount title of the United States government, and alleges the performance of the annual labor each year subsequent to the year of location up to the present time, and prays for judgment dismissing plaintiff's complaint, and that the defendant be adjudged to be the owner of the premises and entitled to the possession of the same and to receive a patent from the United States therefor, and for its costs and disbursements.

Plaintiff's reply admits the allegations of paragraph 1, and denies all the allegations contained in paragraphs 2, 3, 4, and 5 of the separate and affirmative answer, praying judgment as prayed for in the complaint.

George D. Schofield, of Nome, for plaintiff.

William A. Gilmore and T. M. Reed, both of Nome, for defendant.

MURANE, District Judge. It will be seen from the issues thus raised that the Lewis location, upon which plaintiff relies, and being the oldest location pleaded by plaintiff, is subsequent in point of time to the location relied upon by defendant, namely, the Thomas location. It necessarily follows that if the Thomas location was a valid location when made, and included the ground in controversy, then the Lewis location would be absolutely void as to the area in conflict. Plaintiff very strenuously attacked the Thomas location during the trial of the cause upon the ground that the location, when made, was

not sufficiently marked upon the ground so that its boundaries could be readily traced, and also upon the ground that a discovery of gold was not made within the boundaries. It is also contended that a forfeiture occurred by failure to do the annual assessment work in the year 1900. It is practically conceded upon the trial that when Thomas made the location of No. 4 Bench he placed but two stakes upon its boundaries, being the upper and lower center end stakes, upon one of which he placed a written location notice describing the claim by metes and bounds and tying it to No. 4 creek claim. The testimony shows that both stakes could be seen from almost any portion of the claim, and that the ground embraced within the claim is comparatively level. Taking the two stakes together with the notice and the recorded notice, which was a copy of the notice placed upon the ground, and the tying in the notice to No. 4 creek claim, which was conceded to be a well-known claim, the court cannot say that the boundaries were not so marked that they could be readily traced, in view of the fact of the many decisions supporting such vague locations. Loeser v. Gardiner et al., 1 Alaska, 641; North Noonday Mining Co. v. Orient Mining Co. (C. C.) 1 Fed. 522; Gleeson v. Martin White Mining Co., 13 Nev. 442; McKinley Creek Min. Co. v. Alaska United M. C., 183 U. S. 563, 22 Sup. Ct. 84, 46 L. Ed. 331; Charlton v. Kelly, 156 Fed. 433, 84 C. C. A. 295, 13 Ann. Cas. 518.

It is well settled that the locator need not be the discoverer of mineral, so long as a discovery had been made and the locator was relying on such discovery and adopted it in his location. The locator of No. 4 Bench, Mr. Thomas, on the trial of the cause did not recall ever having made a discovery, and did not remember that Mr. Lutchinger had made a discovery and had pointed out the place to Mr. Thomas, where the discovery had been made prior to Thomas' location of No. 4 Bench. However, Mr. Thomas admitted that he knew it was necessary for a valid location to have a discovery, and he continued to hold the claim for more than two years, and succeeded in selling it to Mr. Lutchinger as a bona fide location. Mr. Lutchinger testifies positively to having made a discovery and having

told Mr. Thomas of it just prior to Thomas' locating No. 4 Bench. Thomas and his partner had lived upon the claim for in the neighborhood of three months during the summer of 1900, and if he was not relying upon the discovery made by Lutchinger, in view of the fact that it is testified that a discovery was very easily made and that he and his partner had done considerable prospecting during that period, it would be more than strange if he did not attempt at least to make a discovery. He is also apparently very willing to concede that sufficient work was not done by him to represent the claim during the year 1900, but he was willing to and did make an affidavit at the time of the sale to Lutchinger that at least $100 worth of work had been performed upon the claim, his only explanation of that affidavit being that he was so ignorant of the requirements of the mining law that he thought the erecting of a tent and living upon the claim was a compliance with the law, yet he is a man of ordinary intelligence, at least of sufficient intelligence and acquaintance with mining operations to be the foreman of a gang of men constructing a ditch for a company that is more or less intimately connected with plaintiff. A very strange thing in the trial of this case is the fact that the grantors of both plaintiff and defendant seem to be perfectly willing to testify to matters which would defeat the title they had parted with. Under such conditions, the court must rely largely upon the records as they were made at the time when there was apparently no motive for falsifying the record.

The court having reached the conclusion that, under the record evidence in this case, No. 4 Bench was a valid location when made, and that sufficient work was performed during the year 1900 to prevent a forfeiture, particularly when the question of forfeiture is not raised until such a late date, it will be unnecessary to consider many of the other points raised during the trial and in the briefs submitted by the respective attorneys. For the remaining years there can be no controversy as to the defendant and its grantors having complied with the law in the performance of assessment work.

Let findings of fact and conclusions of law be prepared in conformity with the views herein expressed.