**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-6640

OBED HOYTE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Henry C. Morgan, Jr., District Judge, sitting by designation.
(CR-93-10)

Submitted: June 30, 1997

Decided: September 30, 1997

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Obed Hoyte, Appellant Pro Se. Ruth Elizabeth Plagenhoef, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Obed Hoyte appeals from the district court's denial of his motion for a new trial under Fed. R. Crim. P. 33 based on newly discovered evidence.**1** We affirm the district court's denial of the Rule 33 motion, however, not because it was time-barred but on modified grounds that Hoyte failed to demonstrate he was entitled to a new trial.

Hoyte and his co-defendants were convicted under 21 U.S.C. § 846, 18 U.S.C. §§ 2, 924(c), and§ 1959(a)(1) (1994), for conspiracy to distribute and distribution of cocaine base, use of a firearm, and murder for the purpose of improving or maintaining their positions in a RICO enterprise. Hoyte was sentenced by the district court on March 24, 1994, and filed a timely appeal to this Court. The mandate of this Court affirming Hoyte's conviction and sentence issued on June 12, 1995. See United States v. Hoyte, 51 F.3d 1239 (4th Cir. 1995). On October 22, 1996, Hoyte filed a motion for a new trial based upon newly discovered evidence pursuant to Fed. R. Crim. P. 33 pro se.

The basis on which the district judge denied Hoyte's Rule 33 motion was that it was filed beyond the two-year period set forth in Rule 33 and thus time-barred. In calculating the time period, the district judge failed to consider the time Hoyte's case was pending on appeal, but rather measured the time period from the date the court entered Hoyte's sentence. On appeal in a criminal case, the two-year period for a new trial motion on grounds of newly discovered evidence runs from the date the mandate issued on appeal, that is, it runs two years from final judgment following exhaustion of appellate remedies. United States v. Reyes, 49 F.3d 63, 65-66 (2d Cir. 1995); United States v. Cook, 705 F.2d 350, 351 (9th Cir. 1983). Therefore,

_____

**1** The rule states in relevant part:

> A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.

2

Hoyte's Rule 33 motion was timely filed, and the district court had jurisdiction to consider the motion.

However, the movant must make a substantive showing that he is entitled to a new trial based on newly discovered evidence by demonstrating that the evidence tends strongly to establish his innocence or shows the jury to have been subjected to improper influence.**2** Mills v. United States, 281 F.2d 736, 738 (4th Cir. 1960); Holmes v. United States, 284 F.2d 716, 719 (4th Cir. 1960). In evaluating the materiality of evidence which the prosecution has failed to disclose, the Supreme Court has stated that: "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985).

The basis of Hoyte's motion is the prosecution's failure to disclose evidence of a newspaper article that reported that a police officer allegedly stated a witness told him a man with a shoulder holster and firearm was seen near the location of the body. Hoyte claims that on the basis of this information, his attorney could have argued that an improper investigation was conducted by police and that police disregarded information concerning other possible suspects. Hoyte asserts that this evidence would have been sufficient to raise reasonable doubt in the minds of the jurors such that they would have acquitted him.

We find that, given the ample evidence against Hoyte, see Hoyte, 51 F.3d at 1242, Hoyte's new evidence claim is insufficient to support the granting of his motion for a new trial. Accordingly, we affirm the district court's denial of Hoyte's Rule 33 motion on that basis. We

_____

**2** Specifically, a new trial may be granted on the basis of newly discovered evidence if: (1) the evidence is in fact newly discovered; (2) the movant has exercised due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at the new trial. All five requirements must be met. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989).

3

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4