John Henry DOWNEY, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 67–C–12–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Sept. 18, 1968.

Gerald L. Baliles, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding involves a petition for a writ of habeas corpus filed *in forma pauperis* by John Henry Downey, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is presently serving a five year sentence following his conviction for grand larceny in the Corporation Court of Lynchburg, Virginia, on December 10, 1965.

Petitioner appealed his conviction to the Virginia Supreme Court of Appeals which denied his petition and refused the writ of error on October 12, 1966. Thereafter his petition for a writ of certiorari in the Supreme Court of the United States was denied on March 20, 1967. Then, petitioner filed a petition for habeas corpus in this court which was dis-

missed without prejudice on July 26, 1967. That action was appealed to the United States Fourth Circuit Court of Appeals which remanded the proceedings to this court for further proceedings.

■ Since the highest court in the State of Virginia has ruled adversely on petitioner's complaint, state remedies have been exhausted, and petitioner is properly before the court in compliance with 28 U.S.C.A. § 2254.

Petitioner's complaint is that he was denied a fair trial because he was not tried by an impartial jury.

On December 9, 1965, the morning before petitioner's trial and again on December 10, 1965, the day of the trial, the local newspaper reported that petitioner was charged with a second offense of statutory burglary and larceny, in addition to the charge of larceny for which he was being tried on December 10, 1965. Six members of the jury panel admittedly read at least one of the newspaper reports.

Petitioner's argument apparently is as follows: Any evidence of prior criminal acts unrelated to the offense charged at the trial is irrelevant and prejudicial. Several of the jurors read the newspaper articles reporting that petitioner was charged of another criminal act similar to the offense for which he was being tried at the time. Since this evidence would not have been admitted at the trial because it was irrelevant and prejudicial, some of the jurors had knowledge of prejudicial evidence and could not have been impartial. The Sixth Amendment made applicable to the states by the Due Process clause of the Fourteenth Amendment guarantees every defendant the right to an impartial jury. Therefore, petitioner was denied his constitutional right to an impartial jury, and his conviction should be declared void.

■ Petitioner properly contends that he has a constitutional right to an impartial jury. Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965). But in a habeas corpus proceeding petitioner must generally sustain the burden of proving some identifiable prejudice in order to show that his jury was prejudiced. Stroble v. State of California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872 (1952). Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

In the case at bar all of the prospective jurors who had read the questionable newspaper accounts stated on voir dire that they were not prejudiced against petitioner and could give him a fair and impartial trial notwithstanding the newspaper reports. The prospective jurors also affirmed that they could give petitioner the presumption of innocence to which he was entitled. Petitioner's counsel at the trial did not submit any questions to the jury on voir dire nor did he move to strike the jurors after the voir dire although he had done so before the voir dire. The trial judge observed the jurors, their demeanor, and their responses on voir dire and was evidently satisfied that they were impartial. This court is not convinced that the trial judge erred in his judgment.

The United States Supreme Court has gone so far as to state in Irvin v. Dowd, supra:

In these days of swift, widespread and diverse methods of communication an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. * * * To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. At p. 722–723, at p. 1642 of 81 S.Ct.

The general evidentiary rule at common law is that in a criminal prosecution, evidence that tends to show that the accused committed a prior criminal act is inadmissible. Such evidence is prejudicial and irrelevant to prove that the accused committed the crime presently charged. However, this is only a general rule and must be clarified. Such evidence is irrelevant for the purpose of proving that the accused has a criminal tendency, however evidence of prior criminal acts is competent and admissible for many other purposes such as to prove the accused's identity, knowledge, intent and motive. 29 Am.Jur.2d, Evidence § 321 (1967). The evidence is admissible for such purposes despite its possible prejudicial effect on the jury. Obviously evidence of prior criminal acts, when admitted as an exception to the general rule, is not considered so prejudicial as to deny the accused an impartial jury; otherwise, admission of the evidence would be a denial of due process. It is therefore apparent that a jury's knowledge of prior criminal acts of the accused does not *per se* constitute a denial of due process. "[E]ach case * * * [must] turn on its special facts." Marshall v. United States, 360 U.S. 310, 312, 79 S.Ct. 1171, 1173, 3 L.Ed.2d 1250 (1959).

The few jurors who read either of the two newspaper articles learned only that petitioner was accused of another criminal act, not that he was convicted or even guilty of another criminal act. The report was not highly inflammatory nor did the papers give extended coverage as was true in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); the crime was not so inflammatory that it aroused the community's anger and prejudice; nor did the report state that petitioner was a convicted felon. The report briefly stated the facts of petitioner's second felon. The report briefly stated the facts of petitioner's second charge in an objective unemotional account. The jurors assured the trial court that they could render a fair and impartial verdict based on the evidence presented in the trial, and that they would presume petitioner innocent until proven otherwise. The court feels that on the facts in this case petitioner has not proven that he was denied a trial by an impartial jury.

For the reasons stated and upon mature consideration of the facts in this case, the court finds that petitioner was not denied any constitutional guarantee. The court on the basis of the state court records has sufficient facts upon which to render its verdict, and nothing would be gained by a further hearing in this cause.

Therefore, it is adjudged and ordered that the writ of habeas corpus be denied.