**David BALDWIN, Petitioner,**

v.

**Dr. Stanley BLACKLEDGE, Warden of Central Prison and State of North Carolina, Respondents.**

**Civ. No. 2661.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Aug. 11, 1971.

David Baldwin, pro se.

Robert Morgan, Atty. Gen., Jacob L. Safron, Asst. Atty. Gen., of North Carolina, Raleigh, N. C., for respondent.

## ORDER

BUTLER, Chief Judge.

This is an application for writ of habeas corpus. Petitioner, a state prisoner, was sentenced to life imprisonment upon his conviction by a jury of the crime of rape at the September 1963 Criminal Term of the Columbus County Superior Court. Two previous applications for writ of habeas corpus have been denied by this court.[1] Petitioner bases his allegation that he is being held in custody in violation of the Constitution of the United States on the following grounds: (1) the out-of-courtroom statement of his codefendant was very prejudicial to his case; (2) his counsel would not allow him to testify; (3) the Sheriff and the Deputy Sheriff entered the jury room during the jury deliberations which was prejudicial; (4) extensive pretrial publicity was prejudicial; (5) jurors were not sequestered and talked to law-enforcement officers; (6) the trial court erred in the admission of certain testimony; (7) the trial court erred in its charge; and (8) there was a systematic exclusion of Negroes from the grand jury which indicted petitioner.

■ Petitioner, relying principally on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), alleges that his "alleged codefendants out-of-the-courtroom statement was highly damaging and prejudicial to his case." In *Bruton*, the Court found a violation of the Confrontation Clause in the admission of a codefendant's confession, incriminating Bruton, where the codefendant did not testify. The Court in *Bruton* emphasized that the error arose because the declarant "does not testify and cannot be tested by cross-examination," *Id.* at 1628. In this case petitioner's codefendant not only was available to testify, he did testify; and to substantially the same facts as in his extrajudicial statement. We conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant testified as a witness and is subject to full and effective cross-examination. We are not aware of any Supreme Court decision interpreting the Confrontation Clause that requires the exclusion of out-of-court statements of a witness who is available and testifies at trial. The concern of the Supreme Court in these cases has been focused on precisely the opposite situation—situations where extrajudicial statements have been admitted and the declarant is not subject to cross-examination. *See generally,* California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).[2] Petitioner's contention is without merit.

■■ Petitioner complains that his court-appointed counsel would not allow him to testify in his own behalf nor would his counsel subpoena a key witness. He also suggests that his counsel was prejudiced against him due to petitioner's color. It should be first noted that petitioner was represented by *two* members of the Columbus County Bar. Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so inadequate as to make a farce of the trial. Bennett v. Maryland, 425 F.2d 181 (4 Cir. 1970). The trial transcript

---

1. Baldwin v. Henry, No. 2094 Civil, Eastern District of North Carolina, Raleigh Division, February 26, 1969, aff. Baldwin v. Henry, mem. dec., No. 13,343 (Fourth Circuit, April 2, 1970); Baldwin v. Henry, No. 2490 Civil, Eastern District of North Carolina, Raleigh Division, November 23, 1970.

2. *See also,* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

shows that upon interrogation by the trial judge, petitioner stated that he did not want to offer any evidence, did not wish to go on the stand, that his choice was free and voluntary, and that his lawyers were not keeping him from going on the stand. (Transcript, pp. 280 and 326.) Thus, these contentions are also without merit.

■ Petitioner alleges that the sheriff and a deputy entered the jury room on numerous occasions during the deliberations, and that the jurors were seen talking to law enforcement officers. Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), relied on by petitioner, is limited to situations in which the official custodian of the jury was a key prosecution witness and in which his contact with the jury in and out of the courtroom was continuous and intimate. See, Jackson v. Beto, 388 F.2d 409, 411–412 (5 Cir. 1968). Turner does not require a reversal of every conviction in which a sheriff or deputy sheriff has been in contact with the jury and has testified as a prosecuting witness. Contact with the jury by such officers is not per se a violation of a defendant's constitutional rights. Contacts with the jury by their official custodians are necessary and proper within the scope of their duties. Where a jury custodian has testified as a prosecuting witness, "(t)he facts in each case must be examined to determine what impact the officer's testimony may have had on the jury." Crawford v. Beto, 385 F.2d 156 (5 Cir. 1967).

The jury in the case at bar was not sequestered. There is no allegation that the sheriff or deputy discussed the case with the jury. At least six witnesses, including the victim and the codefendant, testified for the state. The victim and others testified both to the rape itself and to the petitioner's participation. The testimony of the officers was either corroborative or uncontradicted. "[I]n a habeas corpus proceeding petitioner must generally sustain the burden of proving some identifiable prejudice in order to show that his jury was prejudiced." Downey v. Peyton, 291 F.Supp. 746 (W.D.Va.1968). Petitioner has failed to allege any facts to sustain that burden of proof.

■ Relying on Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), petitioner contends that extensive pretrial publicity prevented his obtaining a fair and impartial trial. There is no evidence of Sheppard-type publicity in this case. The publication of news stories does not confer an automatic right to have a conviction and sentence vacated. Publicity itself is not necessarily prejudicial. See United States v. Sawyers, 423 F.2d 1335 (4th Cir. 1970).

It is not required * * * that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 1642–1643, 6 L.Ed.2d 751 (1961).

Petitioner alleges that several prospective jurors were excused because they had already formed opinions as to petitioner's guilt. Thus it appears that the jurors were questioned on this matter. The record does not disclose whether any pretrial motions were made relating to the publicity. Capital cases invariably create headlines. Such headlines do not negate the concept of a fair and impartial jury. Petitioner has failed to show

that the publicity in this case exceeded normal news accounts. No prejudice having been shown, the contention is without merit.

 Petitioner also contends he was denied a fair and impartial trial in that the jurors were not housed in a hotel for the seven days of the trial. In addition, he complains of the admission of certain evidence [3] and to the trial court's charge to the jury. The record discloses no evidence that petitioner's counsel sought to have the jurors sequestered. Moreover, whether or not a jury is to be sequestered is within the discretion of the trial court. N.C.G.S. § 9–17. Thus there being no showing of an obvious abuse of discretion, the matter is not subject to review. Nor do any of these contentions present a federal constitutional issue. They are matters of State procedural law, and do not reach constitutional proportions. "It is only in circumstances impugning upon the fundamental fairness or infringing specific constitutional protections that a federal question is presented." Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

 Finally, petitioner contends that he was denied a fair and impartial trial because of systematic exclusion of Negroes from the grand jury which returned the true bill against him. Petitioner must show an arbitrary or systematic exclusion of persons from the grand jury on the basis of race. The burden of proof is on the petitioner. Petitioner purports to provide supportive statistical data. It appears, however, that the data provided relates to Granville County, and, even if accurate, is irrelevant since the offense and trial occurred in Columbus County. Petitioner has failed to sustain his burden of proof. Now, therefore,

It is ordered that the application for writ of habeas corpus be, and the same is hereby, denied.

---

3. Petitioner objects to the admission of certain statements he allegedly made to the prosecuting witness. The statement he complains of does not appear in the trial transcript.