## MARSHALL *v.* UNITED STATES.

No. 383. Argued March 25–26, 1959.—Decided June 15, 1959.

*George J. Francis* argued the cause for petitioner. With him on the brief were *Omer Griffin* and *Frances De Lost.*

*James W. Knapp* argued the cause for the United States. On the brief were *Solicitor General Rankin, Assistant Attorney General Anderson* and *Beatrice Rosenberg.*

PER CURIAM.

Petitioner was convicted of unlawfully dispensing a number of dextro amphetamine sulfate tablets, a drug within the scope of 21 U. S. C. § 353 (b)(1)(B), without a prescription from a licensed physician, which resulted in misbranding and violation of 21 U. S. C. § 331 (k). The Court of Appeals affirmed, one judge dissenting, 258 F. 2d 94. The case is here on a petition for certiorari, 28 U. S. C. § 1254 (1), which we granted because of doubts

whether exposure of some of the jurors to newspaper articles about petitioner was so prejudicial in the setting of the case as to warrant the exercise of our supervisory power to order a new trial. 358 U. S. 892.

Petitioner never took the stand; nor did he offer any evidence. A government agent testified that he was introduced to petitioner as a salesman who had difficulty staying awake on long automobile trips and that on two occasions he obtained these tablets from petitioner. Petitioner asked the trial judge to rule there was entrapment as a matter of law. The judge refused so to hold and submitted the issue of entrapment with appropriate instructions to the jury. Cf. *Masciale* v. *United States*, 356 U. S. 386. The Government asked to be allowed to prove that petitioner had previously practiced medicine without a license, as tending to refute the defense of entrapment. The trial judge refused this offer saying, "It would be just like offering evidence that he picked pockets or was a petty thief or something of that sort which would have no bearing on the issue and would tend to raise a collateral issue and I think would be prejudicial to the defendant." .

Yet during the trial two newspapers containing such information got before a substantial number of jurors, One news account said:

> "Marshall has a record of two previous felony convictions.
>
> "In 1953, while serving a forgery sentence in the State Penitentiary at McAlester, Okla., Marshall testified before a state legislative committee studying new drug laws for Oklahoma.
>
> "At that time, he told the committee that although he had only a high school education, he practiced medicine with a $25 diploma he received through the mails. He told in detail of the ease in which he wrote and passed prescriptions for dangerous drugs."

The other news account said:

"The defendant was Howard R. (Tobey) Marshall, once identified before a committee of the Oklahoma Legislature as a man who acted as a physician and prescribed restricted drugs for Hank Williams before the country singer's death in December, 1953.

 · · · ·

"Marshall was arrested with his wife, Edith Every Marshall, 56, in June, 1956. She was convicted on the drug charges in Federal District Court here in November and was sentenced to 60 days in jail.

"Records show that Marshall once served a term in the Oklahoma penitentiary for forgery. There is no evidence he is a doctor, court attaches said."

The trial judge on learning that these news accounts had reached the jurors summoned them into his chamber one by one and inquired if they had seen the articles. Three had read the first of the two we have listed above and one had read both. Three others had scanned the first article and one of those had also seen the second. Each of the seven told the trial judge that he would not be influenced by the news articles, that he could decide the case only on the evidence of record, and that he felt no prejudice against petitioner as a result of the articles. The trial judge, stating he felt there was no prejudice to petitioner, denied the motion for mistrial.

The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial. *Holt* v. *United States,* 218 U. S. 245, 251. Generalizations beyond that statement are not profitable, because each case must turn on its special facts. We have here the exposure of jurors to information of a character which the trial judge ruled was so prejudicial it could not be directly offered as evidence. The prejudice to the defendant is almost cer-

tain to be as great when that evidence reaches the jury through news accounts as when it is a part of the prosecution's evidence. Cf. *Michelson* v. *United States,* 335 U. S. 469, 475. It may indeed be greater for it is then not tempered by protective procedures.

In the exercise of our supervisory power to formulate and apply proper standards for enforcement of the criminal law in the federal courts (*Bruno* v. *United States,* 308 U. S. 287; *McNabb* v. *United States,* 318 U. S. 332) we think a new trial should be granted.

*Reversed.*

Mr. Justice Black dissents.