**Howard R. MARSHALL, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 6600.**

United States Court of Appeals
Tenth Circuit.

July 26, 1961.

George J. Francis, Denver, Colo., for appellant.

Arthur A. Dickerman, Los Angeles, Cal. (Lawrence M. Henry, U. S. Atty., and Richard P. Matsch, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

**562**

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellant has now been twice tried and twice found guilty by juries upon each of two counts of an information charging violation of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. This court's affirmance of the judgment of conviction obtained at the first trial, 10 Cir., 258 F.2d 94, was set aside because of extraneous events occurring during the course of the trial which irretrievably prejudiced appellant, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250. Such extraneous events (interference by newspapers) did not recur and the instant appeal is now presented to us upon issues substantially the same as the remaining grounds which we earlier considered and rejected and upon which review was sought in the Supreme Court but refused. 358 U.S. 892, 79 S.Ct. 153, 3 L.Ed.2d 120. Appellant again challenges the sufficiency of the evidence to sustain conviction and again asserts that the court erred in refusing to hold that entrapment was established as a matter of law.

■ The premise of this prosecution was an alleged violation of the prohibition set forth in 21 U.S.C.A. § 353(b) [1] through the unlawful dispensing of the drug dextro-amphetamine sulfate. To prove the drug to be within the compulsion of the statute the government relied upon the uncontradicted testimony of a number of expert witnesses who described in detail the danger of the indiscriminate use of the drug and the necessity of control through sale only by direction of a competent physician. Complaint is now made that such proof was made through testimony given largely in the present tense at time of trial (1960) and was incompetent to prove the commission of a crime occurring in 1956. We find no merit to the contention. The fair import of the testimony indicates that the effect of the drug upon the human body and upon human behavior is now, and always has been, potentially harmful. Indeed, this fact was known to the appellant for he cautioned his buyer:

"Don't take them in larger doses because you will begin to get nervous and experience anxiety and get to grinding your back teeth * *."

Opinion evidence, given in the present tense, may indeed be incompetent to prove an earlier fact. Opinions change through additional learning or experience. The medical profession is undoubtedly more aware now than it was in 1956 of the dangers in the excessive or casual use of amphetamine. This knowledge, together with the discovery of other drugs having similar benefits but more moderate side effects, has led to the less frequent prescribing of amphetamine. But this development can give no comfort to appellant for the record indicates that in 1956 the drug was considered unsafe for indiscriminate use. One witness testified that the drug had been under prescription for ten or fourteen years.

■ Our earlier opinion details the evidence relating to the claim of entrap-

---

1. 21 U.S.C.A. § 353(b).

"(1) A drug intended for use by man which—

\* \* \* \* \*

"(B) because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drug * * *.

\* \* \* \* \*

"shall be dispensed only (i) upon a written prescription of a practitioner licensed by law to administer such drug, or (ii) upon an oral prescription of such practitioner which is reduced promptly to writing and filed by the pharmacist, or (iii) by refilling any such written or oral prescription if such refilling is authorized by the prescriber either in the original prescription or by oral order which is reduced promptly to writing and filed by the pharmacist. The act of dispensing a drug contrary to the provisions of this paragraph shall be deemed to be an act which results in the drug being misbranded while held for sale."

ment as given at the first trial, 258 F.2d 94. The testimony at the present trial was substantially the same but did, upon cross examination develop the further fact that appellant Marshall was physically disturbed at the time of the commission of the offenses. The record is silent as to the cause of Marshall's condition and there is nothing to indicate any factor beyond the inference of self-indulgence in drug or alcohol. No claim is made that the government contributed to Marshall's condition and such condition can be no more than a single circumstance proper to consider in the course of events leading to the sale of the contraband drug. Certainly self-impairment of physical or mental ability cannot, alone, result in entrapment as a matter of law and cannot, alone, "protect the guilty from the consequences of subjectively mistaking apparent for actual opportunity to safely commit crime." Marshall v. United States, 10 Cir., 258 F.2d 94, 97.

█ We again conclude that the evidence did not establish entrapment as a matter of law and that the issue, having been submitted to the jury upon instructions identical to those given in the first case, was considered without prejudice to appellant. The court's instructions were deemed "appropriate" by the Supreme Court. Marshall v. United States, 360 U.S. 310, 311, 79 S.Ct. 1171, 3 L.Ed.2d 1250.

██ Finally, appellant charges error in the trial court's refusal to allow challenges for cause to two government employees called as prospective jurors. The ruling of the court was correct. A government employee is not disqualified from sitting as a juror in a criminal case simply because of the generality of his employment. Baker v. Hudspeth, 10 Cir., 129 F.2d 779, certiorari denied sub nom. Baker v. Hunter, 317 U.S. 681, 63 S.Ct. 201, 87 L.Ed. 546; United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78.

Affirmed.