PEOPLE *v.* ARNOLD

1. TRIAL—NEWSPAPERS—PUBLICITY—NARCOTICS—PREJUDICE.

Publication of four newspaper articles on narcotics generally, the day before and on the day of defendant's trial for illegal possession of marijuana, did not deprive him of a fair and impartial trial and entitle him to a new trial, where the articles were neither inflammatory in nature nor prejudicial to defendant where they did not mention his name or his trial but dealt instead with the symptoms of drug use, citizen response to the proposed legalization of marijuana, what the public should know about drugs and a proposed student drug survey, and where nearly half of the jurors had not seen the articles, those who did had read only the headlines or only two of the articles, all of the jurors had stated they could be fair and impartial, defense counsel had expressed satisfaction with them, and the trial judge had cautioned them not to read the articles so that the possibility of prejudice to defendant under those circumstances was so remote as not to merit consideration.

2. SEARCHES AND SEIZURES—VALIDITY—WITHOUT WARRANT—ARREST.

The validity of a search without a warrant and seizure made incidental to an arrest depends on the validity of the arrest.

---

REFERENCES FOR POINTS IN HEADNOTES.

[1] 21 Am Jur 2d, Criminal Law § 236.
   Pretrial publicity in criminal case as ground for change of venue. 33 ALR3d 17.
   Validity and construction of state court's pretrial order precluding publicity or comment about pending case by counsel, parties, or witnesses. 33 ALR3d 1041.
   Publication or broadcast, during course of trial, of matter prejudicial to criminal defendant, as contempt. 33 ALR3d 1116.
[2–6] 47 Am Jur, Searches and Seizures § 21 *et seq.*
   Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.
[7] 29 Am Jur 2d, Evidence § 493 *et seq.*

3. ARREST—VALIDITY—PROBABLE CAUSE.

> The validity of an arrest without a warrant depends upon whether the arresting officer has probable cause to believe a felony was being committed and that the person arrested committed it (MCLA § 764.15).

4. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

> Police officers had probable cause and information sufficient to warrant a prudent man to arrest defendant where a radio dispatch clearly stated that a motel manager was holding a man suspected of trying to pass a forged money order and the officers, upon arriving at the motel, found the manager outside, pointing to a fleeing man who did not halt until one officer fired his revolver into the ground, although the officers advised him of their identity and their purpose, and repeatedly commanded him to stop.

5. SEARCHES AND SEIZURES—INCIDENT TO ARREST—CONCEALED WEAPONS—REASONABLENESS.

> A search and seizure incident to an arrest is reasonable when the arresting officer makes a search in order to remove any weapons a suspect may have which he may seek to use to resist his arrest or effect an escape, and to be lawful the search cannot be remote in time or place from the arrest.

6. SEARCHES AND SEIZURES—WITHOUT WARRANT—ARREST—PROBABLE CAUSE—CONCEALED WEAPONS—MARIJUANA—ILLEGAL POSSESSION—EVIDENCE—ADMISSIBILITY.

> Marijuana found on defendant's person by arresting officers in a conventional shakedown for concealed weapons immediately after defendant had been apprehended in flight and arrested for attempting to pass a forged money order was properly admitted into evidence at defendant's trial for illegal possession of marijuana where police had probable cause to arrest defendant on the forged money order offense but had no time to procure a search warrant.

7. WITNESSESS—TESTIMONY—EVIDENCE—HEARSAY—ADMISSIBILITY.

> Testimony by officer that he called to defendant to stop and warned defendant that he would shoot was not hearsay evidence where the officer, who was at the arrest, was testifying to this fact, and his statements were not offered to prove the truth of the matter contained in them.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 April 13, 1970, at Lansing. (Docket No. 7,993.)   Decided April 29, 1970.

Willis Arnold was convicted of illegal possession of narcotics.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce C. Barton,* Prosecuting Attorney, and *Paul R. Adams,* Chief Appellate Attorney, for the people.

*Domke, Marcoux, Allen & Beaman (John H. Schomer,* of counsel), for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and VAN DOMELEN,* JJ.

FITZGERALD, J.   At 9 o'clock on the night of November 4, 1967, two state police officers responded to a call stating that the manager of the Crescent Motel in Jackson was holding a man suspected of trying to pass a forged money order.   Upon arriving on the scene, the officers observed the defendant running away from the motel and the manager pointing and stating, "there he goes, right there".

The officers called for defendant to halt and gave chase while the defendant continued his flight.   They were able to head him off in the police car by pulling ahead of him and opening the car door.   Upon being told to stop, he broke and ran around the rear of the car into a heavily wooded area.   The officers again gave chase, advising defendant several times to stop. One of the officers fired his revolver at the ground before the fleeing man stopped and fell to the ground.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

While defendant was lying on the ground, the officers conducted a cursory search for obvious weapons. Upon finding none, all three returned to the police car where a further search was made. This search of the defendant's person revealed a packet of marijuana. He was arrested and charged with the possession of narcotics, a violation of MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

On Sunday, the day preceding the trial, the Jackson *Citizen Patriot* published two articles concerning the general topic of narcotics. One of the articles consisted of a "man on the street" interview and the response of 13 citizens to the question of whether marijuana should be legalized. The other article, by P. J. Steinchron, M.D., dealt with the symptoms of drug use. Only two members of the jury had read the articles and they stated that they could be fair and impartial. Two more articles appeared in Monday's *Citizen Patriot*. One of the two articles was taken from a pamphlet "What You Should Know About Drugs," and the other was a report of a drug survey to be taken by high school students. Five of the jurors had not seen the articles and of those who had, only one had read as much as the headlines.

With respect to all four articles, the trial judge cautioned the jurors that they were not to read the material. All jurors stated that they could be fair and impartial, and defense counsel at one point stated that he was satisfied with the jury. The jury returned a guilty verdict and appeal followed.

Defendant urges as his first ground for reversal that the court erred in denying his motion to strike the panel and later in denying his motion for new trial because the newspaper articles deprived him of a fair and impartial trial. None of the articles

mentioned defendant's name nor made any mention of his trial.

Only two jurors had read Monday's articles, and only one had even read the headlines of one of the Tuesday articles. These facts are a sharp contrast to the fact situation in *Marshall* v. *United States* (1959), 360 US 310 (79 S Ct 1171, 3 L Ed 2d 1250); *Irvin* v. *Dowd* (1961), 366 US 717 (81 S Ct 1639, 6 L Ed 2d 751) and *Sheppard* v. *Maxwell* (1966), 384 US 333 (86 S Ct 1507, ·16 L Ed 2d 600), which are cited as support for defendant's position.

The four articles in question can hardly be termed inflammatory. This Court denied a similar claim on much stronger facts in *Wayne County Prosecutor* v. *Doerfler* (1968), 14 Mich App 428. As in *Doerfler,* the possibility of prejudice in the instant case is so remote as to not merit in depth consideration.

The second error claimed is that the marijuana should not have been admitted into evidence as it was obtained as a result of an illegal search and seizure.

The validity of a warrantless search and seizure made incidental to an arrest depends on the validity of that arrest. *Beck* v. *Ohio* (1964), 379 US 89 (85 S Ct 223, 13 L Ed 2d 142); *People* v. *Wolfe* (1967), 5 Mich App 543. The validity of the arrest in turn depends on whether or not the arresting officer had probable cause to believe a felony was being committed and that the person arrested committed it. MCLA § 764.15 (Stat Ann 1954 Rev § 28.874). See the detailed discussion in *People* v. *Wolfe.*

The facts of this case convince us that the officers had probable cause and information sufficient to warrant prudent men to make the arrest. The radio dispatch clearly indicated there was a felony being committed and that the motel manager was holding the

suspect. Upon arriving at the scene, the officers found the motel manager outside, pointing to a man running across the road. In attempting to pursue him, the officers advised him of their identity and purpose. He broke and ran; they finally subdued him, searched him, and found evidence of the crime indicated as well as discovering the marijuana.

*Chimel* v. *California* (1969), 395 US 752 (89 S Ct 2034, 23 L Ed 2d 685), and *Stoner* v. *California* (1964), 376 US 483 (84 S Ct 889, 11 L Ed 2d 856), reiterate the principle that a search and seizure incident to an arrest is reasonable when the arresting officer makes the search in order to remove any weapons the person may have which he may seek to use to resist the arrest or effect an escape. *Stoner* holds that, to be lawful, searches cannot be remote in time or place from the arrest.

The search which revealed the marijuana was conducted immediately after the three men returned to the car. There was no time to procure a search warrant and defendant was being searched for weapons. This was a conventional shakedown with the accused standing alongside the police car while he was being checked for concealed weapons.

There was probable cause to make the arrest. The search for weapons was conducted immediately thereafter and was a reasonable search incidental to a lawful arrest. The evidence was properly admitted.

Defendant further claims that one of the officers should not have been allowed to testify that he had called to defendant to stop and had warned him that he would shoot. This is claimed to be hearsay evidence, but it is not.

The statements were made by the witness himself at the arrest and the witness was testifying to this

fact. The statements were not offered to prove the truth of the matter contained therein and did not constitute hearsay evidence.

Affirmed.

All concurred.