**Ralph Britton BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49081.

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Jack Q. Neal, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William Chambers, Earl E. Bates and John Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of carrying a pistol on premises licensed under the Texas

Liquor Control Act; punishment was assessed at five years.

Appellant's sole ground of error is that the trial court erred in failing to grant his motion for mistrial when it was discovered that during the course of the trial a newspaper article reporting extraneous offenses of appellant which would not have been admissible at the trial was seen by some of the jurors.

Initially, we observe that we are not here confronted with a situation where the jury received other evidence or testimony after having retired to deliberate upon a case such as would require a new trial under Article 40.03, Sec. 7, Vernon's Ann.C.C.P. The events upon which this contention rests occurred prior to submission of the case to the jury.

Trial began on September 11, 1972. After evidence was presented, court adjourned for the day. The events in question occurred between that day and the next day when the court reconvened to proceed with further evidence in the trial. Before proceeding with the trial on the second day, it came to the attention of the court that the newspaper articles in question had appeared in the papers. The cautious trial judge then had each juror separately sworn and placed on the stand in the absence of the other jurors for examination with regard to whether he had read any of the articles in question. The transcription of that examination appears in the record, and reflects that at most two of the jurors read or heard read any of the text of the articles. The others either did not see the articles or only saw the headline, or stopped reading when they saw appellant's name.

The two jurors who saw the extraneous charges mentioned in the articles testified that they would not consider it. One testified his wife read him part of the article. He testified she read "something in regard to—I don't know the details—some previous charges or dismissed charges or something. . . . I don't recall exactly what it was." He further testified that it would not affect his deliberations and that he could completely wipe it from his mind and not consider it, the same as if it had never been read to him.

The other of these two jurors testified that he read the first few lines of the article before he realized that it was about the case and stopped. He further testified "if he was convicted I don't remember what happened to it. I believe if he was either convicted or acquitted that's past. . . . He's either paid for that by going to jail or he was acquitted of it, and I don't think that should have any bearing on his case here today."

Had the extraneous matters been improperly mentioned from the witness stand, an instruction to disregard would have been sufficient to cure the error. Thompson v. State, Tex.Cr.App., 486 S.W.2d 343. Had the articles been mentioned during jury deliberations and promptly suppressed, and thereafter not discussed or considered, no prejudice or injury sufficient to require reversal would have been shown. Broussard v. State, Tex.Cr.App., 505 S.W.2d 282. We are unable to say that the acts of the jurors in this case "operated to injure or prejudice" appellant. Flores v. State, Tex.Cr.App., 472 S.W.2d 146. Accordingly, the trial court did not err in denying his motion for mistrial.

We observe that appellant in his argument cites as authority the case of Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959). The Court in that case was expressly exercising its "supervisory power to formulate and apply proper standards for enforcement of the criminal law in the federal courts."

Appellant's ground of error is overruled and the judgment is affirmed.