Roland GEBERT, Petitioner

v.

Edward O'LONE, etc., et al., Respondents.

Civ. No. 86–3441 (AET).

United States District Court, D. New Jersey.

Sept. 15, 1987.

**118**

Roland Gebert, pro se.

Debra L. Stone, Deputy Atty. Gen., Trenton, N.J., for respondents.

### ON PETITION FOR WRIT OF HABEAS CORPUS

ANNE E. THOMPSON, District Judge.

This matter comes before the court on appeal by petitioner Roland Gebert, pursuant to 28 U.S.C. § 2254 of his conviction for first degree murder. Having properly exhausted his remedies within the state courts, petitioner is within the jurisdiction of this court. Petitioner's application for habeas relief is being entertained because he alleges that his murder conviction was obtained in violation of his constitutional right to due process of law. 28 U.S.C. § 2254(a).

Roland Gebert was one of four defendants indicted on charges of first degree murder in the stabbing death of Kathleen Stapleton. The versions of the incident proffered by the parties were diametrically opposed. The State's theory, predicated on the testimony of two other defendants, Sherry Boehm and Todd Swersky,[1] was that the defendant was a "hired gun." Allegedly Gebert was hired by the defendant, Richard Mayo, to kill the victim to punish her for testifying against Mayo. The State suggested that of the four involved, it was Gebert that murdered and mutilated the victim. Petitioner alleges that although he knew of the imminent execution, and admittedly took no action to prevent it, he departed from the other defendants' company when he realized that they intended to carry out the murder.

In light of the conflicting stories the trial judge instructed the jury on two options: either the jury could believe the testimony offered by the state and convict defendant of first degree murder, assuming that the prosecution carried its burden of proof, or the defendant should be acquitted. Petitioner was subsequently convicted of first degree murder. On appeal the petitioner alleged, *inter alia*, that his constitutional right to due process of law had been denied. In affirming the decision of the trial court the appellate court addressed only two of petitioner's six claims, dismissing the others as being without merit. Defendant's subsequent petition for certification to the New Jersey Supreme Court, alleging the same constitutional violations, was denied.

Petitioner's first allegation is that the trial judge erroneously instructed the jury on only first degree murder or acquittal. Petitioner maintains that the failure to instruct the jury on second degree murder, as an essential element of first degree murder, was a violation of his right to due process of law. Relying on the rule of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), petitioner argues that the trial judge's error relieved the state of its constitutional burden to prove every element of the crime beyond a reasonable doubt. While it is clear that the prosecution must prove every element of the crime beyond a reasonable doubt, that does not necessarily mean that a trial judge is required to instruct the jury on every lesser-included offense.

■ Turning to the case record it is apparent that the trial judge properly instructed the jury on the elements of first degree murder. The jury was instructed that a conviction for first degree murder was predicated on the State's ability to prove all the elements of the crime "beyond

---

**1.** Both of these defendants pleaded *non vult* pursuant to a plea agreement and testified on behalf of the State.

a reasonable doubt." The trial judge explained that "murder is the unlawful killing of one person by another with malice and without reasonable provocation or justifiable cause or excuse." Moreover, the judge explained that to support a conviction of first degree murder the prosecution had to prove that the murder was "a result of a wilful, deliberate, premeditated killing." It is clear that this instruction outlined all the necessary elements of first degree murder and indicated to the jury that they could not convict unless they found that the prosecution had proven each element beyond a reasonable doubt. The judge was not then required to offer such an instruction of second degree murder to the jury as an alternative to the instructions of first degree murder and acquittal. Having instructed the jury on all of the elements of first degree murder [2] the trial judge satisfied *In re Winship*. Accordingly, the jury charge in question did not offend petitioner's right to due process of the law and this allegation is found to be without merit.

■ With respect to instructing a jury on a lesser-included offense, the standard under New Jersey law is quite clear. The appropriate standard that must be met to merit a lesser-included offense charge is that there must be a "rational basis" for such a verdict. *State v. Crisantos*, 102 N.J. 265, 276, 508 A.2d 167 (1986) (citations omitted); N.J.S.A. 2C:1–8(e). The *Crisantos* court further noted that "a court is not obligated to, indeed should not, instruct a jury to return a verdict that would clearly be unwarranted by the record." *Id.*, at 273, 508 A.2d 167. (Citations omitted). In a case similar to the instant case the New Jersey Supreme Court stated that a judge is not required to instruct the jury on a lesser-included offense if the facts of the case indicate that a defendant is either guilty of first degree murder or not guilty. *State v. Bunk*, 4 N.J. 461, 474–75, 73 A.2d 249 (1950), *cert. denied*, 340 U.S. 839, 71 S.Ct. 25, 95 L.Ed. 615 (1950).

In the instant matter the trial judge determined that the facts presented could lead to one of two conclusions; first degree murder or acquittal. The trial judge explained that if the State's version of the incident was accepted by the jury it must conclude that the homicide was a "murder for hire" and thus first degree murder. The court explained that if the State failed to meet its burden beyond a reasonable doubt or if the defendant's testimony was accepted then the jury could do nothing but acquit the defendant. There is nothing in the record before this court that would indicate that the trial judge erred in his application of the rational basis test to the facts presented.

This court agrees with the finding of the trial judge that based on the evidence and arguments presented at trial, the jury could only find the defendant guilty of murder in the first degree or not guilty. The arguments and evidence presented by the prosecution indicate a homicide that could be nothing but first degree murder. The defendant argued only that he was not present when the murder occurred and, therefore, was not guilty of any degree of crime. If the jury determined that the defendant was at the scene of the crime and was a participant in the crime then the facts only support a conviction of first degree murder. If he was not at the crime scene, then acquittal is the only appropriate verdict. Accordingly, this court finds that the jury charge in question did not violate petitioner's right to due process of law.

Petitioner's second allegation is that the trial judge, by not granting petitioner's request to change venue or empanel a foreign jury, denied him the right to due process of law. Petitioner submits that the extensive pretrial publicity made it virtually impossible to empanel a jury that was free of prejudice. The State did agree that the case was receiving extensive publicity but it denied that the publicity would preclude a fair trial. The State recommended that the court attempt to empanel a jury and make a determination as to the impartiality of the panel after interrogating the veniremen. The trial court denied without prejudice petitioner's motion for a change

2. *See State v. Gardner*, 51 N.J. 444, 242 A.2d 1 (1968).

of venue, or in the alternative empaneling a foreign jury, leaving petitioner the option to renew the motion prior to the swearing in of a jury. The motion was not renewed again by petitioner allegedly because he believed that he could not renew his motion unless all jury panels had been exhausted prior to petitioner's exercising all his challenges.

Every defendant has a constitutional right to a trial by a fair and impartial jury. *See Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). This right becomes endangered however when publicity surrounding a particular case becomes excessive. It is incumbent upon the trial court to determine what, if any, steps must be taken to insure that a defendant receives a fair trial. The federal courts have adopted two standards to determine the existence *vel non* of prejudice in a criminal trial. In some cases, where pretrial publicity is extensive, the courts have stated that prejudice may be presumed. *See, e.g., Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); *Rideau v. Louisiana,* 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963). In others, where the publicity is not as pervasive, the courts will determine whether the existence of actual prejudice has rendered a fair trial impossible. *See e.g., Patton v. Yount,* 467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984); *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *Stroble v. California,* 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872 (1952).

■ In the instant case, the distinction between standards of prejudice need not be made. The standard required to overturn a state conviction is that of actual prejudice. As the Third Circuit stated in *Martin v. Warden, Huntingdon State Corr. Institute,* 653 F.2d 799, 805 (1981), "[a] state court conviction may be overturned in a habeas proceeding only where the defendant shows that the publicity had been so extreme so as to cause actual prejudice to a degree rendering a fair trial impossible

..." This court must now determine if the pretrial publicity did result in actual prejudice.

■ In *Irvin v. Dowd, supra,* the court found that actual prejudice existed where eight of the final 12 jurors empaneled had stated during *voir dire* that they thought the defendant was guilty. Further, the court found that the *voir dire* testimony evidenced a "pattern of deep and bitter prejudice" throughout the community. *Id.* at 727, 81 S.Ct. at 1645 (Citations omitted). In the instant case the *voir dire* testimony reveals no similar prejudice against the defendant. The 24 potential jurors who had formed an opinion of defendant's guilt were dismissed. Of those jurors who were finally selected, most had only a slight recollection of what they had read and all stated that they could be impartial. Petitioner relies on *U.S. ex rel Doggett v. Yeager,* 472 F.2d 229 (3d Cir.1978) for the proposition that jurors' statements that they can be impartial should be discounted where there has been extensive newspaper coverage. In *Murphy v. Florida,* 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1974), however, the United States Supreme Court specifically held that the standard for federal criminal trials established in *Marshall v. United States,* 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959), which was relied on in *Doggett,* is not to be extended to state criminal cases. *Murphy* at 798, 95 S.Ct. at 2035. When reviewing a habeas corpus petition a federal court should not simply dismiss a state juror's statement that he or she can be impartial. *See Murphy v. Florida, supra.* A trial judge's finding of impartiality should only be set aside when prejudice is "manifest." *Irvin, supra.* Such prejudice has not been shown by petitioner. His assertion of a "pattern of deep and bitter community prejudice" lacks support in the case record.

Petitioner has failed to overcome the statutory presumption of correctness that inures to the record of the trial court. 28 U.S.C. § 2254(d). This court finds that petitioner's allegation of constitutional violations is without merit. His petition for habeas corpus relief is hereby denied with-

out an evidentiary hearing, *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), or the issuance of a certificate of probable cause.