692 So.2d 1051 (1997)
STATE of Louisiana
v.
Samuel Lee BANKS.
No. 96-K-2227.
Supreme Court of Louisiana.
April 18, 1997.
*1052 Richard P. Ieyoub, Atty. Gen., Charles F. Wagner, Dist. Atty., T. Gerald Henderson, Thomas C. Walsh, Jr., Alexandria, for Applicant.
Katharine Geary, for Respondent.
PER CURIAM.[*]
The state has sought review of the decision in State v. Banks, 95-1210 (La.App. 3rd Cir. 4/3/96), 677 So.2d 455, reversing the defendant's conviction and sentence for aggravated crime against nature, in violation of La.R.S. 14:89.1. The Third Circuit held that the jury's exposure to a news account of the case, "so damning that a juror might reasonably be expected to lose his objectivity if exposed to the article," deprived the defendant of a fair and impartial verdict. Id., 677 So.2d at 457. Because the rule adopted by the Third Circuit, under which "the subjective good faith of the juror should not outweigh the objective damage done by the article," id., conflicts with the broad discretion this Court has accorded the trial court in determining the impact of publicity about the proceedings on the capacity of jurors to render a fair and impartial verdict, we granted writs and now reverse.
Jury selection in this case was completed on June 14, 1995, and the court recessed trial overnight. On the following morning, the Alexandria Daily Town Talk printed an article containing general information about the charges against the defendant and the trial as well as references to other pending, similar charges against the defendant in New Orleans. In response to questioning by defense counsel, three jurors indicated that they had seen the article. Two jurors had read the entire article but stated that they could put aside what they had read and consider only the evidence presented at trial in determining the defendant's guilt. The third juror did not read the entire article; when he discovered that it was about the defendant, he stopped reading because he "didn't want to know anything more."
After questioning the jurors, defense counsel moved for a mistrial. The court denied the motion on grounds that "the two individuals who in fact read the article ... would be able to put it aside and decide strictly on the facts of this particular case." The court was therefore "just not satisfied that they are tainted enough to the point that they couldn't separate it and sit and listen to the evidence and the testimony that will be produced today." *1053 The court did not admonish the jury at this point but in its final instructions cautioned jurors that, "[y]ou must determine whether or not a fact has been proven only from the evidence presented or from the lack of evidence.... You must consider only evidence that was admitted during the trial."
La.C.Cr.P. art. 775 requires a mistrial on motion of the defense when "prejudicial conduct inside or outside the courtroom makes it impossible for the defendant to receive a fair trial." For purposes of this article, prejudicial conduct may include pretrial or midtrial publicity about the case. State v. Russell, 416 So.2d 1283, 1290(La.), cert. denied, 459 U.S. 974, 103 S.Ct. 309, 74 L.Ed.2d 288 (1982). Mistrial is a drastic remedy generally and the determination "of whether prejudice has resulted lies in the sound discretion of the trial judge." State v. Sanders, 93-0001, p. 20-21 (La.11/30/94), 648 So.2d 1272, 1288-1289; State v. Smith, 430 So.2d 31, 44 (La.1983). In the present context, a mistrial "is not warranted absent a determination that the jurors were actually exposed to the publicity in question and were so impressed by it as to be incapable of rendering a fair and impartial verdict." Russell, 416 So.2d at 1290; see also Sanders, 93-0001 at 20, 648 So.2d at 1288 ("As to the five ultimately selected to sit on the petit jury, the individual questioning by the trial judge supports the conclusion that although the jurors had suffered exposure to the publicity, none were so impressed by it as to be incapable of rendering a fair and impartial verdict."); State v. Young, 569 So.2d 570 (La. App. 1st Cir.1990), writ denied, 575 So.2d 386 (La.1991); State v. Hunter, 551 So.2d 1381, 1385 (La.App. 3rd Cir.1989); see also Marshall v. United States, 360 U.S. 310, 312, 79 S.Ct. 1171, 1173, 3 L.Ed.2d 1250 (1959) ("The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial.... Generalizations beyond that statement are not profitable, because each case must turn on its special facts.")
In this case, one of the jurors who had actually read the article assured the court that he "more or less made up my mind that being that I was on the jury that I would forget about what was in the paper and base[ ] the case on what I hear in Court...." The juror thereby reaffirmed his understanding that the "burden is on the prosecutor to prove that ... the charges are factual." He otherwise remained firm in his belief that he could "put aside what I read in the paper ... and not take that into any consideration whatsoever concerning this case." The other juror found nothing in the article that would prejudice him and did not "anticipate a problem at all" with separating out the evidence at trial from the newspaper account.
In a closely related context, this Court has held that when voir dire examination discloses a possible source of partiality in a prospective juror, the trial judge should grant a challenge for cause "even where a prospective juror declares impartiality if the juror's testimony on voir dire reveals the existence of facts from which bias, prejudice, or inability to render judgment according to the law may be reasonably implied." Smith, 430 So.2d at 38. The same rule should apply when events which have occurred after jury selection may have a prejudicial impact on the trial and require further examination of the jurors. The trial judge must, however, retain the same broad discretion in determining the extent to which media accounts of the trial may have impacted the jury that he or she possesses during voir dire examination because the court "has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning by the parties' attorneys." State v. Lee, 93-2810, p. 9 (La.5/23/94), 637 So.2d 102, 108.
Given the emphatic and unequivocal assurances of continuing impartiality by both jurors, obvious even on a cold appellate record, the content of the newspaper article, which referred to accusations of other similar crimes but not to convictions, cf., Marshall, 360 U.S. at 312-313, 79 S.Ct. at 1172-1173; State v. Roman, 473 So.2d 897, 899-900 (La. App. 3rd Cir.1985), and the absence of any evidence that information in the news account infected the entire jury panel and became a matter of general discussion, we find no abuse of discretion by the trial court in *1054 concluding that the jurors had not been so impressed by the article that they were incapable of following its final instructions and of rendering a fair and impartial verdict based solely on the evidence presented at trial.
The judgment of the Third Circuit is therefore reversed, and this case is remanded to the court of appeal for consideration of the defendant's remaining assignments of error.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The trial judge erred in failing to instruct the jurors, after swearing them and releasing them for the evening, that they were to avoid media reports about the trial. Two of the jurors, as a result of the error, read the article which reported that defendant, who was on trial for soliciting sex with a fourteen-year-old basketball player on a team coached by defendant, had been arrested four months earlier "on multiple charges of molestation of juveniles and aggravated crimes against nature [involving victims who] were nine of Banks' students in New Orleans."
The information that the jurors read in the newspaper surely would have been inadmissible at trial. Indeed, if a court official had made a statement at trial containing such information, La.Code Crim.Proc. art. 770 would have mandated an automatic mistrial.
Nevertheless, at a hearing outside the presence of the other jurors, defense counsel questioned the allegedly tainted jurors only briefly, and each of the jurors swore that he could put the information from the newspaper out of his mind and decide the case solely on the evidence introduced at trial. While the newspaper information obviously was extremely prejudicial and unfavorable to defendant, the burden was on defendant to establish at the hearing that he could not obtain a fair trial. See La.Code Crim.Proc. art. 775. Although it is not far from doubt, I cannot say, on the brief record of this hearing that the trial judge abused his discretion in denying the motion for mistrial.
NOTES
[*] Calogero, C.J., not on panel. See Rule IV, Part 2, § 3.