
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO CATALAN, | No. 09-56726 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-07831-GAF-RNB |
| v. | |
| ANTHONY HEDGPETH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted July 8, 2013[**]
Pasadena, California

Before: BENAVIDES,[***] BYBEE, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Mario Catalan appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Catalan was tried jointly with Jose Ledesma in connection with two murders. Both defendants were implicated in the first murder, but only Ledesma was implicated in the second murder. After testifying at a pre-trial hearing, a witness to the second murder was murdered. Ledesma had previously solicited the witness's murder. At trial, the prosecution was allowed to present evidence of Ledesma's solicitation of the witness's murder, but was not allowed to present evidence of the witness's murder. The jury heard the witness's testimony from the pre-trial hearing and was told only that the witness was "unavailable."

During jury deliberations, Juror No. 12 informed the trial court that Juror No. 3 had learned of the witness's murder on the Internet and had told Juror No. 12 about it. Juror No. 3 had also told Juror No. 4 about the murder. Juror No. 3 was dismissed for misconduct, and Juror No. 12 was dismissed because he did not think he could be impartial after learning of the witness's murder. Over defense counsel's objection, Juror No. 4, who averred that she could still be impartial, was allowed to remain on the jury.

Catalan first claims that the California Court of Appeal's decision that there was no constitutional error in the trial court's failure to presume that Juror No. 4 was prejudiced and dismiss her accordingly was contrary to, or an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). There is no Supreme Court case, however, that clearly establishes any principle dictating that the trial court was obliged to presume that Juror No. 4 was prejudiced in these circumstances. The only Supreme Court cases that Catalan cites in support of this argument are insufficiently on-point for us to conclude that the California Court of Appeal was objectively unreasonable in not applying those cases in these circumstances to find constitutional error based on the trial court's failure to presume prejudice. *See Harrington v. Richter*, 131 S. Ct. 770, 785–86 (2011). This is particularly true given that the Supreme Court has emphasized the circumstance-specific nature of presumed-prejudice inquiries. *See, e.g.*, *Marshall v. United States*, 360 U.S. 310, 312 (1959) (per curiam).

Catalan also claims that the California Court of Appeal's failure to find constitutional error was based on an unreasonable determination of fact. *See* 28 U.S.C. § 2254(d)(2). Specifically, he claims that it was unreasonable for the California Court of Appeal to conclude that Juror No. 4 remained unbiased after learning of the witness's murder. This assertion rests only on (1) the nature of the

3

information learned, and (2) the fact that Juror No. 12 was admittedly biased after learning this same information. But different people may react differently to the same information, and it is not impossible to believe that a juror could set aside knowledge of a witness's murder and remain unbiased. At most, "[r]easonable minds reviewing the record might disagree about" whether Juror No.4 could remain unbiased upon learning of the witness's murder, which is insufficient to satisfy the demands of 28 U.S.C. § 2254(d)(2). *Wood v. Allen*, 558 U.S. 290, 301 (2010) (internal quotation marks omitted).

Since Catalan has failed to demonstrate that the California Court of Appeal ran afoul of 28 U.S.C. § 2254(d), the district court was correct in denying Catalan's habeas petition.

AFFIRMED.