**[J-145A-2012 and J-145B-2012]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


COMMONWEALTH OF PENNSYLVANIA, : No. 650 CAP
                                :
            Appellee            : Appeal from the Order dated December
                                : 30, 2011 in the Court of Common Pleas of
                                : Luzerne County, Criminal Division at No.
        v.                      : CP-40-MD-0002778-1992
                                :
                                : SUBMITTED:  November 5, 2012
MICHAEL BARDO,                  :
                                :
            Appellant           :


COMMONWEALTH OF PENNSYLVANIA, : No. 651 CAP
                                :
            Appellant           : Appeal from the Order dated December
                                : 30, 2011 in the Court of Common Pleas of
                                : Luzerne County, Criminal Division, at No.
        v.                      : CP-40-MD-0002778-1992
                                :
                                : SUBMITTED:  November 5, 2012
MICHAEL BARDO,                  :
                                :
            Appellee            :


## CONCURRING OPINION AND OPINION IN SUPPORT OF AFFIRMANCE ON DOCKET NO. 651 CAP


**MADAME JUSTICE TODD**                    **DECIDED:  December 16, 2014**

With respect to Part II of the *per curiam* Opinion, I join the majority's decision to affirm the PCRA court's order denying guilt-phase relief, subject to several caveats. First, with respect to Bardo's claim that his trial attorney rendered ineffective assistance of counsel in his abortive attempt to secure a change of venue, I agree with the majority that Bardo failed to establish that such a motion had arguable merit: as the PCRA court

held, even assuming the pretrial publicity regarding his case was inherently inflammatory and inculpatory, he has failed to establish that it so pervaded the community as to warrant a presumption of prejudice. Indeed, in his attempt before this Court to make that showing, Bardo merely asserts that only one prospective juror "had not read or heard anything about the case" and that 40% of prospective jurors formed an initial opinion regarding his guilt or innocence. See Bardo's Brief at 67. I join the majority to the extent it rejects Bardo's claim on the ground that, under the unique circumstances of his case, this showing is insufficient to warrant a presumption of prejudice.

However, to the extent the majority suggests a litigant may never demonstrate that pretrial publicity has pervaded the community by showing it has reached virtually all prospective jurors, or that a litigant may never demonstrate that the time between pretrial publicity and trial is insufficient to dispel prejudice by reference to its extremely brief period, I note that this Court has not sanctioned such bright line rules. Instead, this Court has typically engaged in a holistic, qualitative evaluation of all relevant evidence to determine if the publicity's nature and dissemination throughout the community, in the context of the particular circumstances of the case, warrants a presumption of prejudice notwithstanding empaneled jurors' indications that they can be fair and impartial. See, e.g., Commonwealth v. Pierce, 303 A.2d 209, 213 n.3 (Pa. 1973) (quoting Marshall v. United States, 360 U.S. 310, 312 (1959) ("[E]ach case must turn on its special facts.")).

Moreover, I note that the PCRA court's alternative rationale, which the majority approves – that counsel's failure to obtain a change of venue caused Bardo no prejudice because each juror indicated he or she would decide the case impartially, because Bardo failed to exhaust his peremptory strikes, and because the trial court instructed the jury to decide the case based on the evidence before it – misapprehends

the nature of the claim. As an initial matter, Pierce and its progeny contemplate that pretrial publicity may be inherently prejudicial, and thus warrant a presumption of prejudice, regardless of the jurors' statements and counsel's conduct at *voir dire* and the trial court's instructions. See Commonwealth v. Brado, 368 A.2d 643, 645 (Pa. 1977) (noting that, "[w]hile the jurors may not have considered themselves to be prejudiced by the [publicity at issue,] . . . [a]nyone who was exposed to such news reporting would surely have formed some opinion as to" the merits of his defense). Furthermore, in the present posture, the PCRA court's inquiry is not whether counsel's failure to seek a change of venue may either have presumptively or actually caused his jury to be prejudiced against him, but rather whether counsel's failure to obtain a venue change likely precluded an out-of-county jury from acquitting him or imposing a different penalty. See, e.g., Commonwealth v. Reaves, 923 A.2d 1119, 1127 (Pa. 2007) (noting that, in the context of an ineffectiveness claim, the proper prejudice inquiry is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Accordingly, and in light of the fact that the PCRA court and the majority properly dispose of Bardo's claim as lacking arguable merit, I decline to join this unnecessary and, in my view, erroneous alternative rationale.

Finally, with respect to Part I of the *per curiam* Opinion, like Justices Saylor and Baer, I would affirm the PCRA court's order granting penalty-phase relief – which is partially rooted in the PCRA court's view of the relative persuasiveness of trial counsel's and PCRA counsel's advocacy concerning mitigation evidence, and which the PCRA court found might well convince at least one juror to forbear from imposing the death penalty – as the PCRA court's determination in this regard is free of legal error and supported by the record.