27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph Neal COLVARD, Defendant-Appellant.
 No. 93-5854.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-93-9)
 Louis Dene, Dene & Dene, Abingdon, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Julie M. Campbell, Asst. U.S. Atty., Abingdon, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ralph Neal Colvard appeals from the judgment and conviction order entered by the district court after denying his motion for a mistrial or for a new trial. Colvard contends that he was denied his Sixth Amendment right to trial by an impartial jury. Because we find no abuse of discretion by the district court, we affirm.
 
 
 2
 After the jury returned its verdict finding that Colvard traveled in interstate commerce and used a facility of interstate commerce with the intent to commit murder, 18 U.S.C.A. Sec. 1958(a) (West Supp.1994), Colvard moved for a mistrial and/or a new trial. He alleged that on the morning of the second day of his trial, a courtroom security officer discovered a newspaper in the jury room. The newspaper contained an article summarizing the testimony presented the previous day at Colvard's trial. On the front page of the paper was an article reporting the previous day's guilty verdict in another solicitation for murder case.
 
 
 3
 Colvard also relied upon a juror's affidavit reporting that prior to the presentation of evidence, one juror stated to the other jurors, "Let's hang him." This juror repeated the statement during a recess on the first day of Colvard's trial.
 
 
 4
 At the hearing on this motion, a security officer and deputy clerk testified that when the newspaper was removed from the jury room, one juror was reading the sports section. The rest of the paper was lying on the table, apparently undisturbed. None of the other jurors in the room were reading the newspaper. The security officer estimated that the paper was in the jury room for a maximum of ten minutes.
 
 
 5
 The court found that there was no evidence that anyone on the jury had read the articles. Moreover, assuming that a juror read the article about Colvard's trial, the article did not contain prejudicial material. Regarding the juror's comment, "Let's hang him," the district court found that unlike cases in which the jury is influenced by extraneous remarks or materials, the court cannot consider the impact of the juror's statement on the verdict. The court denied the motion for a mistrial or new trial. Colvard appealed.
 
 
 6
 The trial judge has broad discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial. Holt v. United States, 218 U.S. 245, 251 (1910). "Unless there is substantial reason to fear prejudice, the trial judge may decline to question the jurors" regarding exposure to the news article. United States v. Hankish, 502 F.2d 71, 77 (4th Cir.1974).
 
 
 7
 One news account of which Colvard complains contained a substantially accurate summary of the testimony presented during Colvard's trial. The article did not contain substantially prejudicial material. See United States v. Jones, 542 F.2d 186, 196 (4th Cir.), cert. denied, 426 U.S. 922 (1976). The article did not include inadmissible evidence, nor did it evaluate the testimony or present an opinion as to Colvard's guilt. See Marshall v. United States, 360 U.S. 310, 312 (1959); United States v. Pomponio, 517 F.2d 460, 462-63 (4th Cir.), cert. denied, 423 U.S. 1015 (1975). We find no abuse of discretion in the district court's denial of Colvard's motion based on the article summarizing the testimony. See Jones, 542 F.2d at 194-95.
 
 
 8
 We also find no abuse of discretion in the district court's denial of Colvard's motion based upon the article reporting a guilty verdict in a similar case. Having found no evidence that a juror had read the article, the court acted within its discretion in finding no need for further investigation. Hankish, 502 F.2d at 77; see United States v. Reyes, 645 F.2d 285, 288 (5th Cir.1981).
 
 
 9
 Moving now to the alleged statement of a juror, the defendant bears the burden of overcoming the presumption that the juror is impartial. United States v. Collins, 972 F.2d 1385, 1403 (5th Cir.1992) (premature expression of guilt), cert. denied, 61 U.S.L.W. 3682 (U.S.1993). Investigation of alleged juror bias or misconduct is left to the discretion of the trial judge. United States v. Peterson, 524 F.2d 167, 177 (4th Cir.1975), cert. denied, 423 U.S. 1088 (1976).
 
 
 10
 During pretrial voir dire, the venire was asked whether there was any reason it could not hear the evidence fairly and impartially and render a just verdict. None of the potential jurors presented any reason why they could not do this. We find that Colvard failed to show that the juror who stated, "Let's hang him," was dishonest during voir dire, see United States v. Brooks, 677 F.2d 907, 912 (D.C.Cir.1982) (failure to disclose facts leading to challenge is basis for new trial only if deliberate), or that this statement affected his verdict.
 
 
 11
 Moreover, Fed.R.Evid. 606(b) prohibits the court from inquiring into the deliberative processes of the jury. Fed.R.Evid. 606(b); United States v. Duncan, 598 F.2d 839, 866 (4th Cir.), cert. denied, 444 U.S. 871 (1979). Because the jurors would be prohibited from testifying regarding the effect of the statement, "Let's hang him," on their minds or emotions or upon their deliberations, the district court did not abuse its discretion by declining to conduct further inquiry. Duncan, 598 F.2d at 866; see United States v. Kimberlin, 805 F.2d 210, 243-44 (7th Cir.1986) (Rule 606(b) held to prohibit inquiry where, during course of trial, juror stated, "They ought to hang him now, so that we can go home."), cert. denied, 483 U.S. 1023 (1987).
 
 
 12
 Finding no abuse of discretion in the district court's denial of Colvard's motion for a mistrial and for a new trial, see Jones, 542 F.2d at 196; Peterson, 524 F.2d at 177, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED